EDWARDS, APPELLANT, *v.* AUTOMOBILE FINANCE CO. OF PENNSYLVANIA, APPELLEE.

(Decided December 11, 1939.)

*Mr. L. L. Forchheimer* and *Mr. William B. Petermann,* for appellant.

*Mr. Benjamin S.Schwartz* and *Mr. Joseph Schwartz,* for appellee.

MATTHEWS, J. This is an appeal from a judgment of the Court of Common Pleas reversing a judgment of the Municipal Court of Cincinnati, in favor of the plaintiff for $700, in an action for conversion of an automobile.

The Nason Auto Sales, Incorporated, was a retail dealer in second-hand automobiles, with a showroom in Cincinnati. The Automobile Finance Company loaned $205 and took as security a chattel mortgage upon the automobile, which it is charged in this action with converting to its own use. This mortgage is dated November 20, 1937. After this mortgage was given, the automobile was left on the floor of the showroom for sale in the ordinary course of business. The Automobile Finance Company had mortgages on other automobiles, which it left in the showroom. From time to time, The Automobile Finance Company, through its agent, inspected the automobiles on the floor to ascertain whether any automobiles upon which it held mortgages had been removed.

On December 18, 1937, the plaintiff entered the showroom, and, after inspecting the automobile contracted to buy it for $350, of which he paid $150. He gave a chattel mortgage to The Nason Auto Sales, Incorporated, for the unpaid balance of the purchase price, which chattel mortgage was almost immediately assigned to The Central Trust Company.

The plaintiff left the automobile on the floor of the showroom of The Nason Auto Sales, Incorporated, until April 7, 1938, when he obtained a certificate of title, and the automobile was delivered to him.

On April 9, 1938, a receiver was appointed to take charge of the property and affairs of The Nason Auto Sales, Incorporated. Evidently, as a result of that action, the defendant made a search for this automobile and discovered it in the possession of the plaintiff. The automobile having been damaged, the plaintiff left it at a shop to be repaired. The defendant took possession of it at that place. While the plaintiff criticizes the methods resorted to by the defendant in order to get possession, it is evident and uncontradicted that it took possession peaceably under a claim of right to possession by virtue of its mortgage.

The defendant knew nothing about the sale to the plaintiff until shortly before it took possession of the automobile.

The Court of Common Pleas reversed the judgment for misconduct of counsel, error in the admission of evidence, and error in the act of the judge in absenting himself from the courtroom during the trial, as more specifically appears in the journal entry.

We find the record shows the errors upon which the judgment was reversed and that such errors were substantial and prejudicial to the rights of the defendant. The Court of Common Pleas committed no error in reversing the judgment.

In the judgment of reversal, the court adjudged that the plaintiff pay the entire costs of the proceedings, amounting to $237.43. This was error, and the judgment of reversal should be modified, so as to adjudge the costs of the appeal only against the plaintiff.

In this case, it appears that the highest value placed upon this automobile was $350. The judgment was for $700. The court charged the jury that it could award exemplary damages and it is manifest that the

jury added at least \$350 to the compensatory damages by way of exemplary damages.

No case was proven justifying an award of exemplary damages. To justify such an award, there must be proof of malice, fraud, insult, or wanton or reckless disregard of the rights of the plaintiff. 13 Ohio Jurisprudence, 253, Section 150.

Furthermore, the defendant is a corporation. Whatever action was taken in relation to this automobile, was by its salesman or collector. He was in no sense a chief or ruling officer of the corporation. In 13 Ohio Jurisprudence, 250, Section 147, it is said:

"But in Ohio, punitive damages cannot be allowed under these circumstances; according to the rule laid down by the courts of this state, a corporation is not liable for punitive damages for the misconduct of an employee, unless the corporation through its ruling officers participates in, acquiesces in, or ratifies the act of the agent, or knew that he was of such character as to be liable to commit such act, though the earlier cases made no such limitation."

We, therefore, find that the Municipal Court erred in submitting the issue of exemplary damages to the jury.

The plaintiff did not know of the existence of the defendant's mortgage and purchased the automobile in good faith and for value, in the ordinary course of the retail trade from the dealer with which the defendant left it, such defendant knowing that it would be displayed for sale and sold if a customer could be induced to buy it. The evidence shows actual authority to sell, and, even, in the absence of such authority, under the circumstances of this case, the defendant would be estopped to assert its title. *Cincinnati Finance Co.* v. *First Discount Corp.,* 59 Ohio App., 131, 17 N. E. (2d), 383.

No other error, prejudicial to the plaintiff, appears in the record.

We, therefore, think the record justifies us in presenting to the defendant these alternatives: An affirmance of the judgment of reversal, as modified by limiting the judgment as to costs to those incurred on the appeal to the Common Pleas Court, or a remittitur of $350 from the judgment of the Municipal Court, and an affirmance of that judgment, as so modified.

Whichever alternative is accepted, judgment for costs in this court will be entered against the defendant.

*Judgment accordingly.*

HAMILTON, P. J., and ROSS, J., concur.